**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**David Floyd MATTHEWS, Jr., a/k/a**
**Junior, Defendant–Appellant.**

**No. 02–4589.**

United States Court of Appeals,
Fourth Circuit.

Submitted Dec. 19, 2002.

Decided Dec. 31, 2002.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, L. Patrick Auld, Assistant United States Attorney, Rami Madan, Third–Year Law Student, Greensboro, North Carolina, for Appellee.

Before WILKINS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

PER CURIAM.

David Floyd Matthews, Jr., pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000). He contests the 82–month sentence he received, arguing that the district court erred by enhancing his base offense level by two levels because the firearm was stolen when that fact was not alleged in the indictment. *See U.S. Sentencing Guidelines Manual* § 2K2.1(b)(4) (2001). We affirm.

Matthews contends that, under *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), facts that increase the sentencing guideline range must be charged in the indictment and proved beyond a reasonable doubt. However, *Apprendi* is not implicated when the sentencing court makes factual findings that increase the sentencing guideline range but the sentence does not exceed the statutory maximum. *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 2418, 153 L.Ed.2d 524 (2002).

Because the issue raised by Matthews lacks merit, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*